# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH L. SANNER<br>9 Lisa Robyn Circle<br>Apt. 105<br>Lakewood, NJ  08701<br><br>       V.<br><br>AIRBNB, INC.<br>888 Brannan Street<br>San Francisco, CA 94103<br><br>      and<br><br>EVOLVE, d/b/a EVOLVE<br>VACATION RENTAL<br>717 17th Street<br>Suite 2100<br>Denver, CO 80202<br><br>      and<br><br>ELONA LOPARI<br>2005 71 Street<br>Brooklyn, NY  11204<br><br>      and<br><br>XHEMALI LOPARI<br>126 41ST Street<br>Brooklyn, NY  11232<br><br>                       Defendants | No.: |

## CIVIL ACTION COMPLAINT

Plaintiff, Elizabeth L. Sanner, by and through her undersigned counsel, hereby files this *Civil Action Complaint*, and avers as follows in support thereof:

### I. *Parties, Jurisdiction, Venue, and Conditions Precedent*

1.    Plaintiff Elizabeth L. Sanner (hereafter "Plaintiff" or "Ms. Sanner") is an adult individual and is a citizen and resident of Ocean County, New Jersey, residing therein at 9 Lisa Robyn Circle, Apt. 105, Lakewood, New Jersey.

2.    Defendant Airbnb, Inc., (hereafter "Airbnb"), is a public corporation that at all times material and public hereto conducts business in the Commonwealth of Pennsylvania, with a principal place of business according to its Form 10-K filing with the Securities and Exchange Commission, of 888 Brannan Street, San Francisco, California.

3.    Defendant Evolve, d/b/a Evolve Vacation Rental, is a corporation, partnership, limited liability company, fictitious name, limited partnership, or other business entity with a

principal place of business at 717 17th Street, Suite 2100,

Denver, Colorado.

4.     Defendant Elona Lopari is an adult individual with a

principal place of business at 2005 71 Street, Brooklyn New York.

5.     Defendant Xhemali Lopari is an adult individual with a

principal place of business at 126 41st Street, Brooklyn, New York.

6.     This Honorable Court has original jurisdiction of this

matter pursuant to 28 U.S.C. §1332 as there is a complete

diversity of citizenship between the Plaintiff and all defendants.

6.     Venue in the Middle District of Pennsylvania is proper

pursuant to 28 U.S.C. §1391(b)(2) because the events and/or

omissions, as set forth below in detail, giving rise to Plaintiff's

claim occurred in the Middle District of Pennsylvania.

## II.   *Agency and Vicarious Liability*

7.     At all times material and relevant hereto, the

defendants acted through their agents, servants, employees,

ostensible agents and/or workmen, specifically including, but not

limited to each other, for which they are vicariously liable

pursuant to the doctrine of *respondeat superior liability*.

3

8.     At all times material and relevant hereto, the defendant owned, operated, leased, managed, controlled, possessed, and/or had dominion over the premises known as 453 Skyline Drive, Blakeslee, Pennsylvania, and hereafter referred to as "the premises."

### III. Facts and Background of Claim

9.     The paragraphs and allegations stated above are incorporated herein by reference and made a part hereof as if set forth in full.

10.   At all times relevant hereto, defendants entered into a contract or agreement with and between themselves and other parties, the specific terms of which are unknown to plaintiff, under which there was an obligation on the part of the aforesaid defendant, to repair, maintain, clean, inspect and otherwise be responsible for the aforesaid premises, including ensuring the premises was safe and adequately supplied with winter weather materials, so that same would be safe for use by business invitees, including Plaintiff.

11.   On or about 2/07/2021, Plaintiff was a business invitee lawfully on the premises when, suddenly and without warning, she was caused to slip and fall due to a defective condition and/or conditions of the driveway of the aforesaid premises, which was snow and/or ice covered and/or otherwise slippery, causing Plaintiff to suffer severe, permanent, and grievous injuries.

12.   At all times relevant hereto, defendants herein owed a duty to clean, maintain, inspect and otherwise be responsible for the aforesaid premises, to provide a safe and hazard free environment and/or provide winter weather materials, such as anti-ice material and shovel equipment, and otherwise be responsible for the aforesaid premises so that same would be safe for use by patrons, business invitees and members of the general public, including Plaintiff.

13.   Defendants knew and/or should have known of the said dangerous, insecure and therefore defective conditions and the likelihood that same would cause injuries to patrons and business invitees lawfully on the aforesaid premises in the absence of adequate safety measures.

14.   On or about 2/07/2021, and for a long time prior thereto, defendant did allow the premises and its environs to be and remain in a dangerous, insecure and therefore defective condition which thereby created an unreasonable hazard to persons lawfully on defendant's premises.

15.   At all times material hereto, the area which plaintiff was walking on defendants' premises was under the exclusive possession, dominion, and/or control of defendants herein.

16.   The circumstances under which plaintiff was injured were such that said injuries to plaintiff could not have occurred on said premises except by defendants' negligence.

17.   The aforesaid accident resulted solely from the negligence and carelessness of defendants herein and in no manner whatsoever to any act or failure to act on the part of Plaintiff.

## COUNT I
## ELIZABETH L. SANNER V. AIRBNB, INC.; EVOLVE, D/B/A EVOLVE VACATION RENTAL; ELONA LOPARI; AND XHEMALI LOPARI

18.  The paragraphs and allegations stated above are incorporated herein by reference and made a part hereof as if set forth in full.

19.  The negligence and carelessness of defendants consisted of the following:

    a.    failing to inspect, correct or have corrected, repair or protect the premises from defective and/or hazardous conditions existing on the driveway;

    b.    permitting slippery conditions to arise/exist on a pedestrian;

    c.    allowing defective conditions to exist which defendants knew or should have known created a danger/hazard to patrons, business invitees and/or the general public, specifically including ice and/or snow and/or otherwise slippery conditions on the driveway;

    d.    allowing latent and hidden dangerous conditions to exist on the premises, to wit, ice that had been covered by snow;

e.    failure to properly and adequately maintain the premises, in particular, the driveway;

f.    failure to warn patrons, business invitees and/or the general public of the dangerous, hazardous and unsafe conditions on the premises;

g.    failure to take reasonable precautions against the aforesaid  dangerous, hazardous and unsafe conditions of the premises;

h.    failure to provide access to areas of the premises containing snow removal and/or anti-ice materials;

i.    failing to provide snow removal and/or anti-ice materials;

j.    failing to advise persons renting the premises to bring with them snow removal and/or anti-ice materials;

k.    failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants

8

herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing a dangerous and defective conditions on defendant's premises, including the defective and/or dangerous conditions which caused Plaintiff's injuries;

l.    failure to provide safe conditions for patrons and, business invitees such as Plaintiff;

m.    failure to act with due care and regard for the safety of others, in particular, Plaintiff;

n.    failure to provide and maintain proper supervision of the premises;

o.    failure to provide and maintain proper safety precautions at the premises;

p.    failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

q.    failure to respond in a timely manner to  insecure or dangerous conditions or situations at the

premises;

r.    negligence *per se* in violation of Tunkhannock Township Ordinances, in particular, Ordinance 2012-4 in which it adopted the 2012 International Property Maintenance Code;

s.    being otherwise negligent; and

t.    such other negligent acts and/or failures to act as may be discovered during the course of discovery in this action.

20.   As the direct and proximate result of this accident, the Plaintiff suffered serious and severe injuries which are or may be serious and permanent, including *inter alia*, the following: left bimalleolar equivalent ankle fracture with syndesmotic disruption of left ankle, left ankle pain, left leg pain; the need for two surgeries; scarring; and injuries to her nerves and nervous system.

21.   As a further result of this accident, plaintiff, Elizabeth L. Sanner, has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses

for said care, and/or for which expenses were paid by third party

private health insurers and/or Medicare and/or Medicaid from

whom reimbursement is and/or may be sought in accordance

with federal law, and she may be obligated to continue to expend

such sums and to incur such expenses for an indefinite period of

time in the future.

23. As a further result of this accident, plaintiff has been

obligated to receive and undergo reasonable and necessary

medical treatment and rehabilitative services for the injuries she

has suffered, and to incur various expenses for said treatment

and services, and she may incur various reasonable and

necessary future medical expenses from the injuries sustained,

and defendant is liable for all of same.

23. As a further result of this accident, plaintiff, Elizabeth L.

Sanner, has suffered an injury which may be in full or part a

cosmetic disfigurement, *i.e.*, surgical scarring, which is or may be

permanent, irreparable, or severe.

24. As a further result of this accident, plaintiff, Elizabeth L.

Sanner, has or may suffer severe loss of  earnings and

impairment of  earning capacity and power, and may continue to

suffer such a loss for an indefinite time in the future.

26.   As a further result of this accident, plaintiff, Elizabeth L.

Sanner, has been unable to attend to her daily chores, duties,

and occupations, and may be unable to do so for an indefinite

time in the future.

26.   As a direct result of the accident, plaintiff, Elizabeth L.

Sanner, has and may continue to in the future incur other

financial expenses or losses to which she may otherwise be

entitled to recover, including future medical expenses.

27.   As a further result of the accident, plaintiff, Elizabeth L.

Sanner, has suffered severe physical pain, aches, mental

anguish, and humiliation, inconveniences, and loss of life's

pleasures, and may continue to suffer the same for an indefinite

time in the future.

**WHEREFORE**, Plaintiff demands judgment against all

defendants, jointly and severally, plus interest and delay

damages.

Respectfully submitted,

**LAW OFFICE OF
LEON AUSSPRUNG MD, LLC**


By:   */s/ James E. Hockenberry*
James E. Hockenberry, Esquire
I.D. No.: 91133
1800 John F. Kennedy Boulevard
Suite 1500
Philadelphia, PA  19103
215-717-0744
JH@aussprunglaw.com

13

## VERIFICATION

I, ELIZABETH L. SANNER, make this verification subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities. The attached Civil Action Complaint is based upon information which I have furnished to my counsel, and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the Civil Action Complaint is that of counsel and not of affiant. I have read or been read the Civil Action Complaint, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Civil Action Complaint are that of counsel, I have relied upon my counsel in making this verification.

*Elizabeth Sanner*

Elizabeth L. Sanner

Dated: 2/17/2022